IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 06-40049-01-RDR**

HOWARD REED DYER,

        Defendant.

## MEMORANDUM AND ORDER

On April 13, 2007 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court at the sentencing hearing.

On January 10, 2007 the defendant entered pleas of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute approximately eight grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1). Following preparation of the presentence report, the defendant submitted two objections to it.

*Enhancement Based on Shooting Incident*

The defendant objects to the enhancement in his offense level based upon the shooting incident contained in paragraphs 21, 22 and 23 of the presentence report. The government has indicated that it does not intend to provide any evidence on the shooting incident. In light of the government's response, the court must sustain the defendant's objection. Accordingly, the defendant's offense level

is reduced to 25.

*Municipal Conviction for Possession of a Firearm*

The defendant next objects to the criminal history point added in paragraph 57 arising from a conviction in Kansas City, Kansas municipal court for possession of a weapon. The defendant contends that this conviction should not be counted under U.S.S.G. § 4A1.2(c)(1). The government and the probation office disagree and assert that this conviction should be counted under § 4A1.2(c)(1).

A prior conviction is not counted under § 4A1.2(c)(1) if the prior conviction is listed under (c)(1) or is similar to an offense under (c)(1), and the sentence was less than a term of probation of one year or a term of imprisonment for thirty days, and the prior conviction is not similar to the current offense. United States v. Perez de Dios, 237 F.3d 1192, 1197-98 (10th Cir. 2001). If the prior conviction involves a local ordinance violation, then it is counted if the local ordinance violation also constitutes a criminal offense under state law. United States v. Hooks, 65 F.3d 850, 855 (10th Cir. 1995).

The court is not persuaded that this conviction should be counted under U.S.S.G. § 4A1.2(c)(1). The first requirement is not met because the defendant did not receive a term of probation of at least one year or a term of imprisonment of at least thirty days. The defendant was punished by a fine of $200. The court also does not believe that the second requirement is met. The court does not

find that the prior offense was similar to the instant offense.  In determining similarity for purposes of §4A1.2(c)(1), the court must consider "the essential characteristics of the underlying conduct when comparing offenses under § 4A1.2(c)." Perez de Dios, 237 F.3d at 1197.  An analysis of the elements of the two crimes is a significant factor.  Id. at 1198.  Although both offenses involve possession of a weapon, the crime in this case is a status crime, possession of a firearm after conviction of a felony, while the prior crime was for not obtaining a proper license to carry a firearm.  The difference in the elements of the two crimes persuades the court that the two crimes are not similar.  Finally, the court fails to find that the local ordinance violation constituted a criminal offense under state law.  In sum, the court finds merit to the defendant's objection.  The court shall subtract one point from the defendant's criminal history point total.  This reduces the defendant's criminal history category from III to II. With the changes on these two objections, the defendant's guideline range becomes 63 to 78 months.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2007 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge

3